IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN MATSON, on behalf of herself and others similarly situated, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | JUDGE |
| v. | ) ) ) | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| CHARLES RIVER LABORATORIES, INC. | ) ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) ) | |

Plaintiff Kathleen Matson, by and through the undersigned counsel, for her Class and Collective Action Complaint against Defendant Charles River Laboratories, Inc. ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03 ("OMFWSA").

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated. Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's Ohio law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and division.

### PARTIES

7. Plaintiff is an adult individual residing in Huron County, Ohio.

8. At all relevant times, Plaintiff and those similarly situated were employees within the meaning of the FLSA and the OMFWSA.

9. At all relevant times, Defendant had a facility and conducted business in Ashland County, Ohio.

10. Defendant is a for-profit Delaware corporation that is registered to conduct business in Ohio as a Foreign Corporation. Upon information and belief, Defendant's principal place of business is located in Wilmington, Massachusetts. Defendant can be served through its Ohio Statutory Agent, Corporation Service Company, 50 W. Broad Street, Suite 1330, Columbus, Ohio 43215.

11. At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as Exhibit A.

## FACTUAL ALLEGATIONS

15. Plaintiff and other similarly-situated employees were non-exempt employees under the FLSA and the OMFWSA, who routinely worked forty (40) or more hours per workweek.

16. Plaintiff and those similarly situated were required to record their time by manually entering their hours worked into Defendant's timekeeping system.

17. However, even though Plaintiff and those similarly situated were required to enter all of their hours worked into Defendant's timekeeping system, Defendant did not pay Plaintiff and those similarly situated for all hours worked.

18. Specifically, Defendant rejected certain time entries entered by Plaintiff and those similarly situated, and denied them compensation for those hours worked.

19. Defendant also provided Plaintiff and those similarly situated a daily unpaid meal break, for which Defendant automatically deducted 30 minutes of pay. However, Plaintiff and those similarly situated were routinely required to work through their meal break.

20. Defendant tracked the time that Plaintiff and those similarly situated took their meal breaks. Consequently, Defendant knew or should have known when Plaintiff and those similarly situated worked through their unpaid meal break. Nevertheless, Plaintiff and those similarly situated were not compensated for working through their unpaid meal break.

21. Defendant's failure to pay Plaintiff and those similarly situated for the activities described herein resulted in Plaintiff and those similarly situated being denied overtime compensation for all hours worked in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of two (2) classes of other similarly-situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

23. The FIRST class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All of Defendant's current and former non-exempt hourly employees who were not paid for all hours entered into Defendant's timekeeping system within the three years preceding the date of filing of this Complaint to the present (the "FLSA Timekeeping Class").**

24. The SECOND collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All of Defendant's current and former non-exempt hourly employees who performed any work during any unpaid meal break for which pay was automatically deducted within the three years preceding the date of filing of this Complaint to the present (the "FLSA Meal Break Class").**

25. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

26. The similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

27. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and two classes of current or former employees employed by Defendant at its Ohio facilities within the last two years.

28. The FIRST Rule 23 class is defined as:

**All current and former non-exempt hourly employees employed in Defendant's Ohio facilities who were not paid for all hours entered into Defendant's timekeeping system within the two years preceding the date of filing of this Complaint to the present (the "Ohio Timekeeping Class").**

29. The SECOND Rule 23 class is defined as:

**All current and former non-exempt hourly employees employed in Defendant's Ohio facilities who performed any work during any unpaid meal break for which pay was automatically deducted within the two years preceding the date of filing of this Complaint to the present (the "Ohio Meal Break Class").**

5

30. Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Timekeeping and Ohio Meal Break Classes (collectively the "Ohio Classes") but, upon information and belief, avers that each consists of at least 100 employees.

31. There are questions of law or fact common to the Ohio Timekeeping Class including: whether Defendant's practice of not paying employees for all hours entered into Defendant's timekeeping system resulted in the underpayment of overtime.

32. There are questions of law or fact common to the Ohio Meal Break Class including: whether Defendant failed to pay its employees when they worked during their unpaid meal breaks and whether this practice resulted in the underpayment of overtime.

33. Plaintiff will adequately protect the interests of the Ohio Classes. Her interests are not antagonistic to but, rather, are in unison with, the interests of the members of the Ohio Classes. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Classes in this case.

34. The questions of law or fact that are common to the each of the respective Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to each class, listed above, are common to each class as a whole, and predominate over any questions affecting only individual class members.

35. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Classes members' claims are

sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – FLSA Timekeeping Class)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

38. Defendant violated the FLSA when it failed to compensate employees for all hours worked and properly entered into Defendant's timekeeping system.

39. Defendant further violated the FLSA when it failed to compensate employees for all hours worked and properly entered into Defendant's timekeeping system because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

40. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA.

41. Defendant's failure to keep accurate records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA.

42. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

43. As a result of Defendant's practices and policies, Plaintiff and the FLSA Timekeeping Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Overtime Violations – FLSA Meal Break Class)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. The FLSA requires that non-exempt employees who are given unpaid meal breaks must be completely relieved from duty during the unpaid time.

46. Defendant violated the FLSA when it failed to compensate employees when they worked during their unpaid meal breaks.

47. Defendant further violated the FLSA when it failed to compensate employees when they worked during their unpaid meal breaks because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

48. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

49. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

50. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

51. As a result of Defendant's practices and policies, Plaintiff and the FLSA Meal Break Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT THREE
### (Overtime Violations – Ohio Timekeeping Class)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. The OMFWSA requires employers to pay "an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]." O.R.C. 4111.03(A).

54. Defendant violated the OMFWSA when it failed to compensate employees for all hours worked and properly entered into Defendant's timekeeping system.

55. Defendant further violated the OMFWSA when it failed to compensate employees for all hours worked and properly entered into Defendant's timekeeping system because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

56. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the OMFWSA.

57. As a result of Defendant's practices and policies, Plaintiff and the Ohio Timekeeping Class members have been damaged in that they have not received wages due to them pursuant to the OMFWSA; and because wages remain unpaid, damages continue.

**COUNT FOUR**
**(Overtime Violations – Ohio Meal Break Class)**

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. The OMFWSA requires employers to pay "an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]." O.R.C. 4111.03(A).

60. The OMFWSA requires that non-exempt employees who are given unpaid meal breaks must be completely relieved from duty during the unpaid time.

61. Defendant violated the OMFWSA when it failed to compensate employees when they worked during their unpaid meal breaks.

62. Defendant further violated the OMFWSA when it failed to compensate employees when they worked during their unpaid meal breaks because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

63. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the OMFWSA.

64. As a result of Defendant's practices and policies, Plaintiff and the Ohio Meal Break Class members have been damaged in that they have not received wages due to them pursuant to the OMFWSA; and because wages remain unpaid, damages continue.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the two FLSA Classes (Timekeeping and Meal Break) and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Classes;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

<u>*/s/ Hans A. Nilges*</u>
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email:  hans@ohlaborlaw.com
            sdraher@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
614 W. Superior Ave., Suite 1148
Cleveland, OH 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

<u>*/s/ Hans A. Nilges*</u>
Hans A. Nilges

*Counsel for Plaintiff*