## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| KATHLEEN MATSON, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) CASE NO. 1:19-cv-02747 ) ) JUDGE PAMELA A. BARKER ) |
| v. | ) **JOINT MOTION FOR APPROVAL OF** ) **SETTLEMENT AND STIPULATION OF** |
| CHARLES RIVER LABORATORIES, INC. | ) **DISMISSAL WITH PREJUDICE** ) |
| Defendant. | ) |

Plaintiff Kathleen Matson ("Matson" or "Plaintiff") and Defendant Charles River Laboratories, Inc. ("Charles River" or "Defendant") respectfully move this Court to approve the Settlement reached by the parties and memorialized in the Settlement and Release Agreement ("Settlement"), attached as **Exhibit A**. The Settlement seeks to resolve all claims Matson has or could have asserted against Charles River, including any claims under the Fair Labor Standards Act ("FLSA").

The parties respectfully submit that the Settlement is fair and reasonable, and satisfies the criteria for approval under §216(b) of the FLSA. The Settlement was achieved through diligent and thorough negotiations between the parties' counsel. If approved by the Court, the Settlement will result in a reasonable settlement payment to Plaintiff.

The settlement documents submitted for approval by the Court consist of the following:

    **Exhibit A:**    Settlement and Release Agreement

    **Exhibit B:**    Stipulated Order and Final Judgment

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

19106630-v1

**I.     THE ACTION**

On November 21, 2019, Matson filed a putative Class and Collective Action Complaint against Charles River asserting causes of action for failure to pay overtime properly in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and Ohio Revised Code § 4111.03 (the "Action") (Doc. No. 1).  Specifically, Matson claimed that Charles River failed to pay Matson, and similarly situated individuals, for all hours worked. Charles River denied Matson's material allegations and asserted that Matson, along with any similarly situated individuals, were compensated properly for all hours worked in accordance with the FLSA and Ohio law.  (Doc. No. 4).

**II.    THE NEGOTIATIONS**

Plaintiffs' counsel conducted a thorough investigation into the facts of this Action and the preparation of Plaintiffs' claims against Charles River, including reviewing relevant documents and researching the applicable law and the potential defenses.  The parties exchanged substantial informal discovery during the early stages of litigation, including timesheets and payroll documents relevant to the Action.

Upon counsel having the opportunity to review and analyze the relevant documents, settlement negotiations commenced.  Although Charles River continues to deny any wrongdoing, the parties negotiated in good faith and reached a resolution that reflects a compromise which fully considers the respective claims and defenses, as well as any other claims Matson has or may have against Charles River, with several exceptions set forth in the Settlement Agreement.

**III.   THE SETTLEMENT TERMS**

A total settlement payment of Ten Thousand Five Hundred Forty-Four Dollars ($10,544.00) shall be made as outlined in the Settlement Agreement.  The Parties negotiated this amount by making assumptions, for settlement purposed only, as to Plaintiff's alleged working

time per week, and extrapolated those assumptions over the statutory period.  If approved by the Court, the Settlement will resolve all issues between Plaintiff and Charles River. If approved, the parties have agreed that the Action will be dismissed with prejudice.

## IV.     THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to §216(b) of the FLSA.  As explained below, Court approval is warranted.

### A.     The Settlement is a fair resolution of a bona fide dispute.

"In reviewing the settlement of a plaintiff's FLSA claims, the district court must 'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'"  *Hane v. On Time Securing, Inc.*, No. 5:16-cv-2002, 2018 U.S. Dist. LEXIS 146305, at *3-4 (N.D. Ohio Aug. 28, 2018) (quoting *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-CV-1608, 2010 U.S. Dist. LEXIS 58912, at *5 (N.D. Ohio June 15, 2010)).  "The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Id.* at *4.

Here, there is a bona fide dispute between the parties, including whether Plaintiff was properly compensated for all hours worked, which Plaintiff alleges but Defendant denies. The parties have informally exchanged information about Plaintiff's claims and Defendant's defenses, but continue to dispute the merits of Plaintiff's claims. Further, the amount of the settlement is fair, reasonable and adequate, and represents a substantial portion of what Plaintiff could have recovered in the event she prevailed in the Action.  Plaintiff's attorney's fees, costs and expenses have also been considered in the settlement, as a portion of the settlement has been allocated for same.  Given these considerations, the Court should approve the Settlement.

3

## V. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as **Exhibit B**.

Respectfully Submitted,

| | |
|---|---|
| */s/ Jeffrey Moyle* | */s/ Robert J. Bowes, III (with permission)* |
| Jeffrey J. Moyle (0084854) | Vincent J. Tersigni (0040222) |
| NILGES DRAHER, LLC | Robert J. Bowes, III (0092871) |
| 614 West Superior Ave | Michael J. Kozimor (0092379) |
| Suite 1148 | Park Center Plaza I, Suite 400 |
| Cleveland, OH 44113 | 6100 Oak Tree Boulevard |
| Telephone: (216) 230-2955 | Cleveland, OH 44131 |
| Fax: (330) 754-1430 | (216) 750-0404; (216) 750-0826 (Fax) |
| jmoyle@ohlaborlaw.com | Vincent.Tersigni@jacksonlewis.com |
| | Robert.Bowes@jacksonlewis.com |
| Shannon M. Draher (0074304) | Michael.Kozimor@jacksonlewis.com |
| Hans A. Nilges (0076017) | |
| 7266 Portage Street N.W. | *Counsel for Defendant* |
| Suite D | |
| Massillon, OH 44646 | |
| Telephone: (330) 470-4428 | |
| Fax: (330) 754-1430 | |
| sdraher@ohlaborlaw.com | |
| hans@ohlaborlaw.com | |

*Counsel for Plaintiff*