DocuSign Envelope ID: 305C9AE2-F3D4-4C3A-BFC1-7E110338D3B1

# AGREEMENT OF SETTLEMENT AND RELEASE

Subject to approval by the United State District Court for the Northern District of Ohio, Eastern Division, this Agreement of Settlement and Release (the "Settlement Agreement") is entered into by and between **KATHLEEN TYRAS (formerly known as KATHLEEN MATSON)** (referred to herein as "Tyras") and **CHARLES RIVER LABORATORIES, INC.** (referred to herein as "Charles River") (the parties collectively referred to as the "Parties" and each individually a "Party") on the date indicated by the signatures below.

WHEREAS, Tyras has filed a claim with the United States District Court, Northern District of Ohio, Eastern Division, Case No. 1:19-CV-02747, captioned *Kathleen Matson v. Charles River Laboratories, Inc.* (the "Lawsuit"), alleging violations of the Fair Labor Standards Act and Ohio law; and

WHEREAS, Tyras has potentially other claims against Charles River; and

WHEREAS, Charles River has denied and continues to deny all claims of liability alleged by Tyras; and

WHEREAS, while Tyras had filed this claim as a collective action, no other person has joined the action and Tyras remains the sole Plaintiff; and

WHEREAS, the parties engaged in an exchange of information regarding the claims made in Tyras's Complaint; and

WHEREAS, the parties agree that there are bona fide disputes involving wage and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and its state law counterparts; and

WHEREAS, subject to approval by this Court, the parties agree to settle Tyras's FLSA claims raised in the action and other potential claims upon the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the parties do hereby settle, compromise, and resolve any and all claims by Tyras as follows:

### Approval of Settlement and Dismissal of Action

1. <u>Cooperation</u>. The parties agree to cooperate and take all steps necessary and appropriate to obtain final approval by the Court of the Settlement Agreement, to effectuate its terms and cause all claims relating to Tyras to be dismissed, with prejudice, and all other claims relating to any other similarly situated person to be dismissed without prejudice.

2. <u>Fair, Adequate, and Reasonable</u>. The parties agree that the settlement is fair, adequate, and reasonable for all parties and participants and will so represent to the Court.

3. <u>Joint Motion for Approval of Settlement</u>. On or before April 24, 2020, the parties will file a Joint Motion for final approval of this settlement, attached to which will be a proposed

Final Order and Judgment dismissing the action with prejudice as to Kathleen Tyras, and without prejudice as to any other similarly situated individual.

4. <u>Settlement Payments</u>. Within fourteen (14) days of approval by this Court of the settlement and dismissal of this case with prejudice as to Tyras, Charles River will pay the total sum of Ten Thousand Five Hundred Forty-Four Dollars and 00/100 ($10,544.00) payable as follows:

(a) Payment to Tyras in the sum of Three Thousand Dollars ($3,000.00) for lost wages, less applicable withholdings. This sum shall be paid as W-2 wages. Tyras shall receive an IRS Form W-2 for these wages.

(b) Payment to Tyras in the sum of Three Thousand Dollars ($3,000.00) for liquidated damages. Tyras shall be provided an IRS Form 1099-MISC for this sum.

(c) Payment to the law firm of Nilges Draher, LLC, the sum of Four Thousand Five Hundred Forty-Four Dollars ($4,544.00), which represents Four Thousand One Hundred Twelve Dollars and 50/100 ($4,112.50) in attorney fees and Four Hundred Thirty-One Dollars and 50/100 ($431.35) in litigation costs and expenses. An IRS Form 1099-MISC will be provided to the law firm of Nilges Draher LLC for this sum.

(d) The above sums shall be in full and complete settlement of any and all claims between Tyras and Charles River and/or its current and former officers, directors, employees or agents, except as otherwise provided herein.

(e) These payments sums shall be mailed to Nilges Draher LLC, 7266 Portage Street NW, Suite D Massillon, OH 44646.

(f) Other than as provided herein, Tyras agrees that she is responsible for her own costs, expenses, and attorney fees.

(g) Tyras is responsible for any and all tax liabilities and consequences which may result from receipt of payments made to her or her counsel under this agreement and agrees that Charles River bears no responsibility for any such tax liabilities or consequences.

5. <u>Agreement Not To Seek Or Accept Future Employment</u>. Tyras agrees that she will not apply for or accept future employment with Charles River, and that in the event she does apply for such employment, Charles River may reject her application legitimately and lawfully solely because she breached this promise. If Tyras nevertheless obtains future employment with Charles River or any of the Releasees (defined below), the Parties agree that Charles River or the Releasee(s) may immediately terminate any such employment pursuant to this section. If Charles River or any of the Releasees later acquires or is acquired by Tyras's then-employer, she agrees to resign from such employment. The Parties agree that this section is a negotiated, non-retaliatory term of this Settlement Agreement.

6. <u>Release of Claims.</u> Except as otherwise set forth herein, Tyras agrees, on behalf of herself, her heirs, executors, administrators, assigns, agents, and representatives, to hereby release

DocuSign Envelope ID: 305C9AE2-F3D4-4C3A-BFC1-7E110338D3B1

and discharge Charles River, and each and every one of its affiliates, subsidiaries, predecessors, successors, and assigns together with each and every one of its present, past and future officers, managers, directors, employees, agents, attorneys, insurers, and heirs and executors of the same, (hereinafter collectively referred to as "Releasees") for any and all suits, actions, causes of action, complaints, obligations, demands, common law or statutory claims of any kind, whether in law or in equity, direct or indirect, known or unknown (hereinafter "claim"), including but not limited to claims arising out of or relating to her employment with Charles River occurring up to and including the date of this Agreement. This Release specifically includes, but is not limited to, claims for any alleged violation of:

- The Family and Medical Leave Act;
- The Fair Labor Standards Act;
- Title VII of the Civil Rights Act of 1964;
- The Pregnancy Discrimination Act of 1978;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA")(except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990, as amended;
- The Genetic Information Nondiscrimination Act of 2008;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Older Workers Benefit Protection Act ("OWBPA");
- The Equal Pay Act;
- The Workers Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Uniformed Services Employment and Reemployment Rights Act of 1994;
- The National Labor Relations Act;
- Ohio Civil Rights Act, Ohio Rev. Code § 4112.01 et seq.;
- Ohio Age Discrimination in Employment Act, Ohio Rev. Code § 4112.14;
- Ohio Whistleblower Protection Act, Ohio Rev. Code § 4113.51 et seq.;
- Ohio Statutory Provisions Regarding Retaliation/Discrimination for Pursuing a Workers Compensation Claim, Ohio Rev. Code § 4123.90;
- Ohio Minimum Fair Wages Act, Ohio Rev. Code § 4111.01 et seq.;
- Ohio Wage Payment Act, Ohio Rev. Code § 4113.15;
- Ohio Uniformed Services Employment and Reemployment Act, Ohio Rev. Code §§ 5903.01, 5903.02;
- The Ohio Military Family Leave Act, Ohio Rev. Code § 5906.01, et seq.;
- Any other federal, state or local law, rule, regulation, or ordinance and the common law;

- Any claim that Defendants or any of the Releasees or any of their respective current or former managers, officers, owners, employees, directors or supervisors, jointly or severally, breached or interfered with any express or implied contract, duty, promise, term or condition towards Tyras; and/or
- Any claim for promissory estoppel, violation of public policy, infliction of mental or emotional distress, loss of consortium, invasion of privacy, false light, fraud, fraud in the inducement, negligence, intentional tort, breach of express or implied contract, or defamation.

7.  <u>Exceptions.</u> This Agreement does not apply to: any claims which Tyras currently has or may make under state worker's compensation or unemployment compensation laws; any claim for breach of this Agreement; any claim for vested benefits, if any, under any Charles River retirement and/or pension plans; any claims based upon acts or events occurring after the Effective Date of this Agreement; any administrative charge pursuant to the National Labor Relations Act, ADEA, ADA or any federal civil rights act, or cooperation in any administrative investigation, proceeding or action instituted thereunder by any such administrative agency, to the extent that no damages or individual remedies are sought; and any other claims that Tyras cannot waive as a matter of law.

8.  Acknowledgments and Affirmations.

    (a)   Tyras affirms that she has not filed, caused to be filed and presently is not a party to any claim against Charles River or any of the Releasees that are being released pursuant to this Settlement Agreement. Tyras further affirms and covenants that she will never file a lawsuit or other type of legal claim or cause of action that has been released pursuant to this Settlement Agreement.

    (b)   Tyras affirms that she has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits related to her past employment and association with Charles River.

    (c)   Tyras also affirms that she has reported all hours worked as of the date Tyras signs this Settlement Agreement and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Tyras signs this Settlement Agreement. Tyras affirms that she has been granted any leave to which Tyras was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

    (d)   Tyras affirms that she has not been retaliated against for reporting any allegations of wrongdoing by Charles River or it officers, including any allegations of corporate fraud.

    (e)   Tyras affirms that she has not divulged and will not in the future divulge any proprietary, confidential or sensitive business or financial information or trade secrets of Charles River and/or any of the Releases and that she has and will continue to maintain the strict confidentiality of such information.

9. <u>Non-admission of Liability.</u> Nothing in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Charles River, and Charles River denies any such liabilities. The Parties have entered into this settlement with the intention to avoid further disputes and litigation with their attendant inconvenience and expenses.

10. <u>Confidentiality of Agreement</u>. Tyras understands that the terms, conditions and facts of this Agreement, and the amount to be paid pursuant to this Agreement, are strictly confidential and shall at all times remain confidential. Tyras specifically agrees that neither she nor anyone acting for her, or with her knowledge or consent will disclose this Settlement Agreement, or any provision of this Agreement to any person, whatsoever, except to: Tyras' attorney; Tyras' spouse, provided that she first obtains her spouse's understanding and agreement with the confidentiality of this Settlement Agreement; Tyras' professional tax return preparers or professional tax advisors, but only to the extent necessary to enable such individuals to prepare required documents and returns, and/or to respond to any inquiries or audits by a federal, state or local taxing authority; if, and only to the extent necessary, disclosure is required by law or legal process; if, and only to the extent necessary, to secure enforcement of this Agreement.

11. <u>Nondisparagement</u>. Tyras agrees not to make or cause to be made, publicly or privately, orally or in writing, any disparaging statements about Charles River. This applies to written statements, oral statements, social media posts, commentary, and any other communications.

12. <u>Miscellaneous Provisions.</u>

    (a) The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arms-length negotiations between the parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party participated in the drafting of this Settlement Agreement.

    (b) In the event that an individual provision of this Settlement Agreement is found to be legally unenforceable, such provision shall be severed from the contract leaving the remainder intact and binding on all parties.

    (c) This Settlement Agreement may not be changed, altered, or modified except in a writing signed by the Parties and approved by the Court. However, if the Court does not approve the Settlement Agreement, then this Settlement Agreement will have no force and effect.

    (d) This Settlement Agreement contains the entire agreement between the Parties and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a Party or such Party's counsel relating to the resolution of this matter, are merged into this Settlement Agreement.

    (e) No oral understandings, statements, promises, or inducements contrary to the terms of this Settlement Agreement exist.

(f) No rights under this Settlement Agreement may be waived except in writing and signed by the parties.

(g) Tyras' counsel represents and affirms that, as of the time that this Settlement Agreement is executed, it has no other clients or potential clients that may have any claims against Charles River.

(h) This Settlement Agreement may be executed in counterparts, electronically or otherwise, including without limitation, PDF or Docusign, and may be transmitted via email. When each party has signed and delivered at least one counterpart, each counterpart shall be deemed an original, including without limitation, and when taken together with other signed counterparts, shall constitute one Settlement Agreement which shall be binding upon and effective as to all parties.

IN WITNESS WHEREOF, the parties have signed this Agreement on the date set forth with their signatures.

Date: 4/16/2020

KATHLEEN TYRAS

Date: 4/20/2020

CHARLES RIVER LABORATORIES, INC.

By: David P. Johst

Its: CEVP, General Counsel & CAO

Date: 4/17/2020

JEFFREY J. MOYLE
Attorney for Tyras